MARCUS L. HUGHES *et al.*

*v.*

GEORGE STEVERS.

*Filed at Mt. Vernon June 14, 1880.*

1. ADVERSE POSSESSION—*what constitutes.* It has been held that an individual making an entry on land of the United States before grant, remains an intruder still after grant by the United States, and liable to be sued in trespass.

2. Where a person obtained a patent from the United States, while another was in possession under an entry made prior to that time, it appeared the patentee stated, after the grant from the government, that the person in possession had bought the land, and that he, the patentee, had made him a deed, and that, subsequently, the occupant gave it back to him to secure a store account, and that the occupant had paid him for the land. The witness by whom this statement was proven, also testified that he had known the occupant for twenty-five years on the land; that he claimed the premises, cleared and built on it, and cut timber on it, and that the statements by the patentee were made more than twenty years before the trial. It was *held,* that, under this state of facts, it might be regarded the possession of the occupant was adverse to the patentee, as showing what would be tantamount to a new entry after the grant from the United States;—that the occupant was holding adverse to all the world, in his own right, as owner by purchase of the title from the patentee.

APPEAL from the Circuit Court of Pulaski county; the Hon. O. A. HARKER, Judge, presiding.

Mr. SAMUEL P. WHEELER, for the appellants:

The bill of exceptions shows the following facts :—

A patent for the land involved in this suit was issued by the United States to William A. Hughes, January 10, 1851. The appellants are the only surviving heirs at law of William A. Hughes, who died before this suit was brought, and furthermore, that the taxes on the land in controversy have been paid up to and including the year 1874, by William A. Hughes, up to the time of his death, and by the appellants since that time.

The defendant claims twenty years' adverse possession, and also attempts to establish a title by deed from William A. Hughes, without producing the original instrument, or attempting to procure it, or in any way establishing its loss, or proving its contents. The first claim can avail nothing. The appellee was in possession of this land in 1848, and has been ever since. The patent from the United States was not issued until January 10, 1851. Possession, in order to defeat the legal title where there is no paper title, must be adverse, and hostile in its inception, and continue hostile, uninterruptedly, for twenty years. *Turney* v. *Chamberlain*, 15 Ill. 271; *Jackson et al.* v. *Bomer*, 48 id. 203, and cases cited.

There can be no adverse possession as against the United States or its grantee, unless there be a new entry after the grant. The individual making the original entry, after the grant by the United States, remains an intruder. *Cook et al.* v. *Foster*, 2 Gilm. 652; *Thompson* v. *Prince*, 67 Ill. 281.

The court erred in admitting evidence of an alleged conveyance from William A. Hughes to the appellee. If there ever was such a deed, there was no notice to produce and no proof of its contents.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of ejectment, by appellants, to recover the east half of the north-east quarter of section 30, township 14 south, range 2 east, which they claim in fee.

The suit was commenced February 2, 1875. At the last trial a verdict was rendered in favor of the defendant, a motion for a new trial was overruled and judgment entered upon the verdict, and the case comes here on appeal.

The overruling of the motion for a new trial is assigned as error.

On the part of the plaintiffs, proof was made of a patent for the land in controversy, issued by the United States to William A. Hughes, January 10, 1851; that plaintiffs were the only surviving heirs at law of William A. Hughes, who died

before this suit was brought, and that the taxes on the land were paid up to and including the year 1874—by William A. Hughes up to the time of his death, and by the plaintiffs since that time.

The defendant claims twenty years' adverse possession.

It is urged that this claim can avail nothing, because the defendant was in possession of the land in 1848, and has been, as is admitted, ever since; that the patent from the United States was not issued until January 10, 1851; that possession, in order to defeat the legal title, must be adverse, and hostile in its inception, and continue hostile, uninterruptedly, for twenty years; that there can be no adverse possession as against the United States, or its grantee, unless there be a new entry after the grant; that the individual making the original entry, after the grant by the United States, remains an intruder,—and *Cook et al.* v. *Foster*, 2 Gilm. 652, is cited as in support of the doctrine.

The decision in that case is to the extent, that an individual making an entry on land of the United States, before grant, remains an intruder still after grant by the United States, and liable to be sued in trespass.

There was in the present case the testimony of a witness in regard to a conversation he had with William A. Hughes about the land, in which Hughes stated that the defendant had bought the land, and that Hughes had made him a deed, and that, subsequently, defendant gave it back to him to secure a store account; that Hughes said defendant had paid him for the land. The witness stated he had known defendant for twenty-five years on the land; that defendant claimed the premises, cleared and built on it, and cut timber on it; that this conversation was more than twenty years ago.

However it might otherwise be, we think this is evidence going to show that the possession of defendant was adverse to Hughes. Under the state of facts admitted in this conversation with Hughes, the possession of defendant must have been adverse to Hughes. It would show what would be tan-

tamount to a new entry after the grant from the United States—that defendant was holding adverse to all the world, in his own right, as owner by purchase of the title from Hughes. It might not be competent evidence of a deed from Hughes, and as showing title in defendant by virtue thereof; and it is not in that view that we receive the evidence; but it is competent as an admission of Hughes going to show the character of the possession of defendant—that it was adverse to Hughes.

We think the evidence made out a case of twenty years' adverse possession by the defendant, and thus a bar to the action.

The judgment will be affirmed.

*Judgment affirmed.*